**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

CARL D. JACKSON
ADC #98003                                                                                                  PLAINTIFF

V.                                        NO: 2:05CV00023 WRW/HDY

JENNIFER DOUGLASS *et al.*                                                               DEFENDANTS

**FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

>   3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this complaint on January 31, 2005, alleging that Defendants had been deliberately indifferent to his medical needs concerning a staph-related boil on his chest, and another one on his arm. Plaintiff contends that this led to unnecessary pain, loss of sleep, and scarring. On February 13, 2007, Defendants filed a motion for summary judgment (docket entry #95), along with a brief in support and statement of facts (docket entries #96 & #97). Plaintiff has filed a response (docket entry #100). There are four Defendants: Correctional Medical Services, Inc. ("CMS"), EARU nurses Jennifer Douglas and Kelly Taylor, and CMS regional manager Dorothy Yarbrough.

The events complained of occurred at the ADC's East Arkansas Regional Unit ("EARU"). Plaintiff asserts that he was treated for his boils on September 22, 2004, and given a prescription for antibiotics and daily dressing changes. Although he received the dressing change on September 23, 2004, he missed changes on the 24th, 25th, and 26th, and had to borrow supplies from other inmates.

Plaintiff alleges that Douglas saw him on September 24, 2004, and that he showed Douglas his bleeding arm and prescription for the dressing change, but she told him to just put some toilet paper on it. Later that same day, Taylor was notified of Plaintiff's problems, but also did not help, according to Plaintiff. Plaintiff was finally seen again on September 27, 2004, although he did not receive additional treatment for another 10 days.

## I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-02 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and

prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Defendants assert that Plaintiff has no actual injury, and that he can show no deliberate indifference by any Defendant.

Defendants have submitted a declaration from Dr. Roland Anderson (docket entry #97, exhibit #2), in which he asserts that he has reviewed the medical records and the treatment Plaintiff received, and, in his medical opinion, the boils Plaintiff had were likely to scar, regardless of the treatment rendered. Dr. Anderson also stated that the intervention was appropriate, and Plaintiff's missing of three days of dressing changes, when he received medical supplies from other inmates, did not endanger him or exacerbate his wound. Medical records submitted by Defendants indicate that Plaintiff did receive Bactrim and Motrin on September 25 and 26, and had Excedrin on-person during that time (docket entry #97, exhibit #3). Thus, Defendants contend that Plaintiff had no real injury as a result of the events in question. In his response, Plaintiff contends he has sustained an actual injury, in the form of blood loss, sleep loss, mental stress, burning, and pain, as well as a delayed healing process due to the lack of dressing changes. Plaintiff also alleges that he did not receive the medication as indicated by his records.

Even if the Court accepts Plaintiff's description of his alleged injuries, Defendants' motion for summary judgment should nevertheless be granted. Plaintiff is essentially arguing that the delay in treatment cause him to suffer pain, a delayed recovery, and scarring. Dr. Anderson has opined that

4

the intervention was appropriate, and that Plaintiff's missing three days of dressing changes when supplies were available to him did not endanger him or exacerbate his wound. In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment. *Dulany v. Carnahan*, 132 F.3d at 1240. Although Plaintiff may have missed some dressing changes and medications, Defendants did not ignore his condition. At most, Plaintiff has demonstrated only negligence in the way his condition was treated, which is insufficient to constitute a cognizable claim of deliberate indifference in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. at 106.

Moreover, when a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). Plaintiff has failed to do so, and Dr. Anderson's declaration indicates that there was no detrimental effect. Given the short period of time Plaintiff did not receive dressing changes, the fact that he had access to pain medication, and the lack of verifying medical evidence in the record to establish the detrimental effect of the delay in treatment, the undersigned concludes that Defendants' motion to dismiss should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' motion for summary judgment (docket entry #95) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this ___28___ day of February, 2007.

_____
UNITED STATES MAGISTRATE JUDGE